### The Town of Wardsboro v. The Towns of Whitingham and Dover.

#### [In Chancery.]

*Jurisdiction of Chancery to impeach proceedings at Law for Irregularity.*

It is a general principle of equity jurisprudence, that a court of chancery will not entertain a bill to impeach a judgment at law, for mere irregularity in the proceedings, but leave such questions arising in legal proceedings, to the exclusive jurisdiction of courts of law.

Neither will a court of chancery entertain a bill to try the truth of an officer's return by parol testimony; nor to grant relief upon falsifying the record of the doings of a sworn officer in a proceeding at law.

APPEAL from the court of chancery. The bill alleged that on the 30th of September, 1862, a court of examination was held by William H. Jones and Laban Jones, justices of the peace, at Dover, in said county, upon a complaint of Elliott Harris, overseer of the poor of said town of Dover, against one Joseph Converse, charging that said Converse had come to reside in said Dover, and had not gained a legal settlement therein, and that he was likely to become chargeable to said Dover as a pauper ; that said justices, after hearing upon said complaint, adjudged that said Converse had come to reside in said Dover, that he had not a legal settlement therein, and that he was likely to become chargeable thereto, and that his legal settlement was in the town of Wardsboro, and thereupon made an order of removal, directing the said Converse to remove, with his family and effects, to said Wardsboro, on or before the 15th day of October then next, and if he should not comply with said order, that he be removed, with his family and effects, to said Wardsboro ; that said justices then and there made and certified a copy of the record of said order of removal, and appended thereto a notice, directed to any sheriff or constable in the state, commanding him to notify the overseer of the poor of said town of Wardsboro that said Converse was ordered to remove to said Wardsboro, as above set forth in said order of removal ; that said certified copy of said order, with the notice appended thereto, was placed in the hands of D. A. Yeaw, a deputy sheriff, to serve and return, and that said Yeaw did, by the procurement of said Dover, make and endorse a return thereon that he served the same on Josiah G. Higgins, overseer of the poor of the town of Wardsboro, by leaving a true and attested copy thereof at his house, in the hands of Wales Willard, he being a person of sufficient discretion with whom to leave the same ; that no copy of said order of removal or notice was ever delivered to said Higgins, who was then the overseer of the poor of said Wardsboro, or left at his dwelling-house ; that the said Willard was not authorized by the said Higgins, overseer as aforesaid, nor by said town of Wardsboro, to receive said copy for him, or for said town ; that if such copy was left by said Yeaw with said Wales

Willard, it was never delivered to said Higgins, nor to said town, and neither said Higgins nor said town of Wardsboro was ever notified of said order of removal in any manner, and had no knowledge of the same, and that they were wholly deprived of their day in court; that said Converse did not, at the time of making said order of removal, have his legal settlement in Wardsboro, and has not since gained a legal settlement therein in any other manner than by said judgment and order of removal, and that he was never removed pursuant to said order; that on or about the 18th day of February, 1871, said Converse, with his wife and effects, was removed from Whitingham to said Wardsboro, by order of a court of examination, held at Whitingham, in said county, on the 7th day of February, 1871; that said town of Wardsboro appealed from said order of removal to the then next term of the Windham county court, and that said cause is now pending; that the orator has reason to fear, and does fear, that it may be estopped by the order and judgment first aforesaid, from showing that said Converse has not a legal settlement in said Wardsboro, and that said Whitingham insists *that said judgment and order of removal are binding upon said Wardsboro. Prayer, that said judgment be vacated and held for naught, and for further relief.

The answer of the town of Whitingham admitted all the allegations of the bill as to the order of removal made by the town of Dover, and admitted the service of the order and notice according to the return of said Yeaw thereon indorsed, which was as follows:

" STATE OF VERMONT, )    At Wardsboro, on the 17th day of October, A. D. 1862, I served this order
Windham County, ss. ) tober, A. D. 1862, I served this order of removal and citation on Josiah Higgins, the overseer of the poor of the town of Wardsboro, by leaving a true and attested copy of this order of removal and citation at his house, in the hands of Wales Willard, he being a person of suitable discretion with whom to leave the same.

Attest, D. W. YEAW, Deputy Sheriff."

Denied that no copy of said order and notice was ever delivered to the said Higgins, or left at his dwelling-house and usual place of abode for him, and averred that said Yeaw did in fact

leave a true and attested copy of said order and notice at the house of the usual abode of the said Higgins, in the hands of the said Willard, a person of sufficient discretion then resident therein Alleged that the town had no knowledge as to whether said Willard delivered said copy to the said Higgins, or not, and insisted that, whether he did or not, it was immaterial to said town, because, if said order and notice were properly served upon said Higgins within thirty days from the time of making said order, in the manner that writs of summons were by law required to be served, and no appeal was taken from said order by the orator, the settlement of said Converse was thereby fixed and established in said town of Wardsboro. Denied that the orator had been deprived of its day in court, or that it had been deprived of any right to appeal from said order, and alleged that said Higgins had no intention of taking an appeal therefrom, and that the orator from the time of the making of said order, thenceforth, for many years, and until the time of the making of said order by the town of Whitingham, as stated in said bill, continued to act upon the supposition that the legal settlement of the said Converse was in the town of Wardsboro, and that in at least one instance the orator had voluntarily, upon demand made, reimbursed the town of Whitingham for expenses incurred in the support of one of the minor children of the said Converse, who became chargeable to said town as a transient pauper. Admitted the order of removal made by said Whitingham, as stated in the bill; that the orator appealed from the same, and that the case was still pending; and that said town did insist that said first named order of removal was valid and binding upon the orator; and alleged that said order, as well as the aforesaid action of the orator in regard to the support of the minor child of the said Converse, was relied upon by the justices making said order of removal from the town of Whitingham, as evidence conclusively fixing the settlement of the said Converse in the town of Wardsboro. Averred that the subject-matter of the judgment of the said justices making said first named order of removal, was within the jurisdiction of said justices, and that their judgment was only subject to revision on appeal to the county court within and for the county

of Windham, and could not in any way or manner be examined, annulled, or reversed, by the court of chancery. Insisted that the orator's bill showed no cause for discovery or relief, and no sufficient reason, cause, or omission, for the intervention of the court of chancery ; prayed for the same advantage as if a demurrer had been filed to the bill ; and insisted that said first named order of removal, and the proceedings and adjudication of the justices making the same, conclusively fixed and determined the last legal settlement of the said Converse, and of his wife and minor children, and that the same were not subject to revision by the court of chancery ; and that, if by reason of any informality in the said proceedings they were not conclusive upon the orator, and did not fix the last legal settlement of the said Converse, his wife and minor children, the orator had a full and complete remedy at law ; and that in no event had the orator a right to resort to a court of equity.

The answer of the town of Dover admitted all the allegations of the bill as to the order of removal made by said town, and also admitted the service of said order and notice by the said Yeaw, and set out the return thereon, and denied that said return was made by the procurement of said town of Dover, or of any of its officers and agents, but insisted that the only part said town had in making said return, or in procuring it to be made, was the mere act of some citizen of said town, who put said order and notice into the hands of the said Yeaw, a legal deputy sheriff, to serve and return according to law. Alleged that said town was ignorant of all and every the other matters alleged in said bill, and insisted that it was a stranger to the controversy between the orator and said Whitingham; and improperly made a party to said bill, and submitted that all and every the matters in said bill mentioned and complained of, were matters cognizable at law, and in respect to which the orator was not entitled to relief in a court of equity ; and prayed the same relief as if a demurrer to the bill had been filed. The answers were traversed, and testimony taken. The court, at the September term, 1872, dismissed the bill, *pro forma ;* from which decree the orator appealed.

*J. G. Eddy* and *A. Stoddard*, for the orator.

By the statute in force in 1862, the time this order was made, when the pauper was not removed, a notice of the order of removal might be served upon the town to which the pauper was ordered to be removed, either by leaving a copy of the order, certified by the justices making the same, with the overseer of the poor of such town, or the justices might make and certify copies of such order, and append thereto a notice of the same, which was served in the same manner that writs of summons are required to be served. Comp. Stat. ch. 18, §§ 11, 12, 13, 14, 15. If notice had been served by the justices, or some private citizen, by simply leaving a copy of the order of removal with the overseer, the record would not show any service; still, the service would be legal. The same would be true had the pauper been actually removed by the officer, and no return of his doings been made. It is true that in this case the records show an attempt by an officer to serve the order in the same manner that writs of summons are required to be served; still, it might have been served in the mode pointed out by the statute, and hence the records show a valid judgment against Wardsboro.

After a lapse of time—twenty years—the law presumes that all persons concerned had due notice of the proceedings. 1 Greenl. Ev. 25 ; *Brown* v. *Wood*, 17 Mass. 68.

The case shows that no notice was ever given to Wardsboro of the order of removal, except in the manner mentioned in the officer's return who attempted to serve it, which was manifestly bad. *Stone* v. *Seaver*, 5 Vt. 549; *Barnet* v. *Concord*, 4 Vt. 564; *Barre* v. *Morristown*, 4 Vt. 574. Although perhaps not void, but only avoidable. *Newton* v. *Adams et al.* 4 Vt. 437.

The officer acted at the request and solicitation of the town of Dover, and hence what he did is supposed to have been done by the town through him.

Chancery will relieve against a judgment obtained by fraud, imposition, or misconduct of the opposite party, or when obtained by accident or mistake, and the party has been deprived of his day in court. 1 Mad. Ch. Pract. 298 ; 3 Dan. Ch. Pract. 1843 ; 2 Story Eq. Jur. 217, §§ 85, 87 ; 1 Johns. Ch. 402; 1 Bouv.

Law Dict. 220 ; *County of Essex* v. *Berry*, 2 Vt. 161 ; *Emerson* v. *Udall*, 13 Vt. 477 ; 2 Swift Dig. 42.

An action against the officer for a false or illegal and irregular return and service, is wholly inadequate.

*Chas. N. Davenport* and *H. N. Hix*, for Whitingham.

The prayer of the bill should not be granted. The statute has conferred jurisdiction upon two justices to determine originally the settlements of paupers. Their judgments have the same authority, and bind the parties to the same extent, as those of superior tribunals. In addition to its force as a judgment *inter partes*, so far as other towns are concerned, it has the effect of a proceeding *in rem*. These judgments are only subject to revision upon appeal. It is not the province of a court of equity to revise or reform the judgments of courts of law. It has jurisdiction to prevent a party from using a judgment which he has fraudulently obtained in furtherance of a legal wrong. In the case at bar, it is not claimed that the defendant has been guilty of any fraud. *Stowe* v. *Brookfield*, 26 Vt. 524 ; *Farr* v. *Ladd*, 37 Vt. 156 ; *Eastman et al.* v. *Waterman*, 26 Vt. 494 ; *Shedd et al.* v. *The Bank of Brattleboro*, 32 Vt. 709 ; *Emerson* v. *Udall*, 13 Vt. 477 ; *Fletcher* v. *Warren*, 18 Vt. 45 ; *Warner* v. *Conant*, 24 Vt. 351.

It is well settled that the omission to take an appeal and prosecute to effect, by a town to which a pauper is ordered to remove, conclusively fixes the settlement of the pauper in such town. *Manchester* v. *Dorset*, 3 Vt. 370 ; *Barre* v. *Morristown*, 4 Vt. 574 ; *Rupert* v. *Sandgate*, 10 Vt. 278 ; *Charleston* v. *Lunenburg*, 23 Vt. 525 ; *Stowe* v. *Brookfield, supra; Chester* v. *Wheelock*, 23 Vt. 554 ; *Hale* v. *Turner*, 29 Vt. 350 ; *Poultney* v. *Sandgate*, 35 Vt. 146.

This conclusive effect of a judgment unappealed from, cannot of course exist, unless the town to be affected thereby had notice, so that an appeal could have been taken. *Fairfield* v. *St. Albans*, Brayt. 176 ; *Reading* v. *Rockingham*, 2 Aik. 272 ; *Barnet* v. *Concord*, 4 Vt. 564, 570 ; *Marshfield* v. *Calais*, 16 Vt. 598 ; *East Haven* v. *Derby*, 38 Vt. 253.

But whether notice of the order was given or not, must be determined by the return of sheriff Yeaw. His return is conclusive as to the parties to the process, and all claiming under them. If the return is false, the orator's remedy is against the officer. *Hawks* v. *Baldwin*, Brayt. 85 ; *Hathaway* v. *Phelps*, 2 Aik. 84 ; *Stevens* v. *Brown*, 3 Vt. 420 ; *Swift* v. *Cobb et al.* 10 Vt. 282 ; *Barrett* v. *Copeland*, 18 Vt. 67 ; *White River Bank* v. *Downer et als.* 29 Vt. 332, 338 ; *Charleston* v. *Lunenburg*, 23 Vt. 525 ; *Poullney* v. *Sandgate*, *supra ;* *East Haven* v. *Derby*, *supra.*

The case at bar can be correctly summed up in a single proposition. If sheriff Yeaw's return is insufficient to show notice to Wardsboro, then the remedy at law is perfect. If it is sufficient, then the settlement of Converse is conclusively established. In either view, there is no occasion for a court of equity to interfere, and the bill should be dismissed. *Emerson* v. *Udall*, 13 Vt. 477 ; *Shedd et al.* v. *The Bank of Brattleboro*, *supra.*

In our view, the evidence filed by the parties, other than the copy of the record, is not admissible. We do not understand that any part of the record is subject to contradiction or explanation by parol. If, however, this is an open question, we insist that the evidence as a whole, including the conduct of Knights with reference to the son of Joseph Converse, shows notice in fact of this order.

The opinion of the court was delivered by

PECK, J. In this case we find no fraud on the part of any of the actors in the matter of procuring and making the order of removal from Dover to Wardsboro, and the service of the order and notice upon Wardsboro in 1862, nor any intentional wrong in the proceedings. Nor is fraud alleged in the bill. Therefore, there can be no pretense to a right to relief upon the ground of fraud, if relief could be granted in equity in a case of this kind upon the ground of fraud alleged and proved. The orator claims that that order of removal be vacated and held for naught, for the reason that upon the face of the record the officer's return of service of the order of removal upon the overseer of Wardsboro, is insufficient to render the proceedings valid;

and also that if the return is sufficient on the face of it, it is untrue in fact.

As to the first of these grounds, if the record does not show such notice to Wardsboro as is necessary to give validity to the order of removal against the orator, then the orator's remedy is plain and perfect at law, and aid from this court is not necessary or proper. On the other hand, if the record shows such legal notice as renders the order binding on the orator, it is equally binding as it stands, in this court as in a court of law. Upon the other of these grounds of relief, this court is asked to try the truth of the officer's return upon parol testimony, and grant relief upon falsifying the record of the doings of a sworn officer in a proceeding at law. Whether the case is viewed as a defective record, or as an alleged false return, it is, in either aspect, but an alleged irregularity in that proceeding. It is a general principle of equity jurisprudence, that a court of chancery will not entertain a bill to impeach a judgment at law for mere irregularity in the proceedings, but leave such questions arising in legal proceedings to the exclusive jurisdiction of courts of law. The question in this case is at least very analogous to questions to which this principle has been applied. A practice allowing judgments at law and legal proceedings to be overturned in a court of equity by falsifying the returns of sworn officers by testimony of witnesses, years after the transaction, would be of dangerous tendency, and do more mischief and injustice than it would prevent.

Decree of the court of chancery dismissing the bill, affirmed, and the cause remanded for decree accordingly.